FILED

ள_____O'clock & _____mm.___ᴹ

NOV 2 1 2007

United States Bankruptcy Court
Columbia, South Carolina (19)

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Timothy Michael Workman and Darlene Rebecca Workman,<br><br>                 Debtor(s). | C/A No. 02-12536-JW<br><br>Adv. Pro. No. 07-80108-JW |
| Timothy Michael Workman, Darlene Rebecca Workman,<br><br>                 Plaintiff(s),<br><br>v.<br><br>GMAC Mortgage LLC,<br><br>                 Defendant(s). | Chapter 13<br><br>**ORDER** |

ENTERED

NOV 2 1 2007

KPD

This matter comes before this Court for a damages hearing.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O).    Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

### FINDINGS OF FACT

1.    Plaintiffs filed for relief under chapter 13 of the Bankruptcy Code on October 18, 2002.

2.    On November 4, 2002, Plaintiffs filed a proposed chapter 13 plan ("Plan"), which provided for curing the default balance owed by Plaintiffs to GMAC Mortgage, LLC

---

[1]    To the extent any Findings of Fact constitute Conclusions of Law, they are adopted as such.    To the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

("GMAC"), the holder of the first mortgage on Plaintiffs' principal residence, through the payment of at least $204.00 per month for fifty-four (54) months. The Plan also proposed that Plaintiffs make all post-petition payments directly to GMAC.

3.    GMAC filed a proof of claim on November 27, 2002 asserting it was owed pre-petition arrearage in the amount of $10,978.46. This arrearage would be fully cured by the payments proposed in the Plan.

4.    Without objection from GMAC, Plaintiffs' Plan was confirmed by order on December 3, 2002 ("Confirmation Order"). The Confirmation Order was properly served on GMAC.

5.    On April 27, 2007, GMAC filed its Motion for Relief from Stay alleging that Plaintiffs were in default for payments due for March and April, 2007, after Plaintiffs performed under their Plan faithfully for nearly five years. Plaintiffs objected to this relief alleging that they had not missed any of their contractual post-petition payments to GMAC.

6.    On May 16, 2007, the day before the scheduled hearing on the motion of GMAC, the attorneys for GMAC filed with this Court a document entitled "Withdraw of Motion for Relief from Stay". The withdrawal contained the following language, "The debtor's attorney has consented to this withdrawal on the grounds that movant pay his fees in the amount of $1,250 for the defense of this Motion and that the debtors are current, that no charges will ever be applied to this account for this Motion."

7.    On July 6, 2007, Plaintiffs' chapter 13 trustee filed an electronic report indicating that Plaintiffs made all required payments due under the Plan. The chapter 13 trustee's final report, filed on August 23, 2007, confirms that Plaintiffs, through the trustee, paid all pre-petition arrearage owed to GMAC.

8.    Plaintiffs received a chapter 13 discharge on July 9, 2007 ("Discharge Order"). The Discharge Order was served on GMAC at three addresses, including on the attorneys that filed the failed stay relief motion on behalf of GMAC and on the address provided in GMAC's proof of claim.

9.    One day after the entry of the Discharge Order, GMAC mailed Plaintiffs a letter, dated July 10, 2007, notifying Plaintiffs that they were past due for April, May, June, and July and were responsible for other costs in the amount of $1,898.80.

10.    Therefore, GMAC tendered back to Plaintiffs their payment made for the month of June. Because GMAC has refused to accept further payments from Plaintiffs, Plaintiffs have set aside all mortgage payments due to GMAC.

11.    Plaintiffs commenced this adversary on August 21, 2007 seeking to hold GMAC in civil contempt. Plaintiffs seek damages for GMAC's actions and request that the Court fashion a fair and equitable remedy pursuant to 11 U.S.C. § 105 to prevent further harm to Plaintiffs.

12.    Plaintiffs' summons and complaint in this adversary proceeding were served on the registered agent of GMAC but GMAC failed to answer and an entry of default was entered on October 1, 2007. GMAC was served with the entry of default through its registered agent and its attorneys in Plaintiffs' bankruptcy case by the Bankruptcy Noticing Center on October 1, 2007. However, GMAC did not move to set aside the entry of default.

13.    A default judgment was entered against GMAC on October 9, 2007 and a damages hearing was scheduled for November 1, 2007 to consider Plaintiffs' unliquidated

damages. GMAC's registered agent and attorneys received notice of the default judgment and damages hearing but failed to appear for the damages hearing on November 1, 2007.[2]

14.    Mr. Workman testified as to Plaintiffs' attempts to tender payment to GMAC, GMAC's refusal to accept payments, and Plaintiffs' failed efforts to resolve this matter with GMAC without litigation. Mr. Workman also testified as to the amount of work he missed as a result of this adversary proceeding, his inability to refinance his house as a result of GMAC's actions, the damage to his credit as a result of GMAC's actions, and how GMAC's actions caused Plaintiffs emotional distress, including the panic attacks suffered by Mrs. Workman.

15.    Plaintiffs' counsel submitted an affidavit setting out his time spent and costs associated with this action, which total $7,141.50.

## CONCLUSIONS OF LAW

Plaintiffs commenced this adversary action seeking to hold GMAC in contempt for its actions and request that the Court fashion a fair and equitable remedy under 11 U.S.C. § 105. Since 11 U.S.C. §§ 524 and 1327 do not expressly create a private cause of action, this Court believes that 11 U.S.C. § 105 is the proper statute to address GMAC's failure to credit payments made before discharge, charging of unauthorized fees, and failure to accept payments after discharge on a account that is current on the date of discharge. See Bessette v. Avco Financial Services, Inc., 230 F.3d 439, 445 (1st Cir. 2000) (finding 11 U.S.C. § 105 provides a remedy for a violation of a discharge injunction); In re Dynamic Tours and Transportation, Inc., 359 B.R. 336, 343 (Bankr. M.D. Fla. 2006) (noting that the modern trend is for courts to invoke its powers under 11 U.S.C. § 105 to sanction parties who violate the discharge injunction); In re Sanchez,

---

[2]    Plaintiffs' counsel also represented to the Court that upon serving the law firm with a subpoena requiring the production of certain information and providing GMAC with notice of the damages hearing, he was contacted by GMAC's attorney but no one appeared for GMAC at the damages hearing.

372 B.R. 289, 317 (Bankr. S.D. Tex. 2007) (finding a creditor may be sanctioned for civil contempt for violating the terms of a confirmed plan).

11 U.S.C. § 105(a) "provides the Court with the power to prevent abuse of judicial process, including the authority to sanction a creditor for misconduct". In re Papp, No. 01-01785-W, slip op. (Bankr. D.S.C. 2004). See also, In re Ulmer, 363 B.R. 777, 781 (Bankr. D.S.C. 2007). The Fourth Circuit has recognized that 11 U.S.C. § 105(a) allows this Court to sanction a party for civil contempt. See In re Walters, 868 F.2d 665, 669 (4th Cir. 1989). Bankruptcy courts within this Circuit have previously held creditors in civil contempt for violating a confirmation and a discharge order. See In re Thomas, 184 B.R. 237, 240 (Bankr. M.D.N.C. 1995); In re Bock, 297 B.R. 22, 29 (Bankr. W.D.N.C. 2002); see also Bessette v. Avco Financial Services., Inc., 230 F.3d 439, 444-45 (1st Cir. 2000) (finding the bankruptcy court may use its equitable powers under 11 U.S.C. § 105 to enforce a discharge injunction notwithstanding the fact that 11 U.S.C. § 524 does not create a private cause of action). In addition to its statutory civil contempt powers, the bankruptcy court has the inherent ability to sanction parties for misconduct. See In re Weiss, 111 F.3d 1159, 1171 (4th Cir. 1997). This inherent power to sanction may be used in combination with or instead of the bankruptcy court's other powers. See Hardee v. Mitchell, 165 F.3d 18, 1998 WL 766699, *3 (4th Cir. 1998) (unpublished) (citing Weiss, 111 F.3d at 1171).

Within the context of a contempt action for violating 11 U.S.C. § 524, the following test is applicable: "a defendant ... (1) knew that the [discharge injunction] was invoked and (2)

intended the actions which violated the [injunction]."[3]  See In re Almond, 2007 WL 1345224, *5

(Bankr. M.D.N.C. May 7, 2007) (citing In re Hardy, 97 F.3d 1384 (11th Cir.1996) and

distinguishing the test for civil contempt under 11 U.S.C. § 105 from the civil contempt test

under the court's inherent authority).  Facts supporting each of these elements appear on the face

of Plaintiffs' well-pled complaint.  GMAC, having failed to answer Plaintiffs' complaint, is

deemed to have admitted the facts in the complaint and thus the only issue for this Court to

address is the issue of what remedy the Court will fashion for GMAC's contempt.  See Stanfield

v. CitiFinancial Mortgage Co. (In re Stanfield), C/A No. 99-11142-W, Adv. Pro. No. 06-80054-

W, slip op. (Bankr. D.S.C. May 12, 2006) (fashioning a remedy for a creditor's violation of the

discharge injunction where creditor defaulted in an adversary proceeding to enforce the

discharge injunction).

    This Court has broad discretion to fashion a remedy for civil contempt.  See In re General

Motors Corp., 61 F.3d 256, 259 (4th Cir. 1995).  The remedy may include ordering the party in

contempt to pay the aggrieved party for damages and attorneys' fees.  See id.  Civil contempt is

remedial in nature and designed to compensate the injured party and coerce compliance with this

Court's orders.  See Cromer v. Kraft Foods of North America, Inc., 390 F.3d 812, 822 (4th Cir.

2004).  Compared to the Court's inherent civil contempt authority, 11 U.S.C. § 105(a) provides a

broader statutory grant of authority to sanction parties since it allows "any order."  Jove

Engineering, Inc. v. I.R.S., 92 F.3d 1539, 1554 (11th Cir. 1996) (finding the bankruptcy court's

powers under 11 U.S.C. § 105(a) to issue "any order" is broad and encompasses "*any* type of

order, whether injunctive, compensative or punitive, as long as it is 'necessary or appropriate to

---

[3]    Although no formal test has developed in the Fourth Circuit regarding the violation of a confirmation order,
this Court believes that the same test should be employed to determine if a creditor has violated a confirmation order
since this is the standard for determining whether a creditor is in contempt for violating other rights of debtors, such
as the discharge injunction and the automatic stay.  See In re Almond, 2007 WL 1345224, at *5; Thomas, 184 B.R.
at 241.

carry out the provisions of the Bankruptcy Code."); <u>Bessette</u>, 230 F.3d at 445 (distinguishing between statutory and inherent civil contempt authority).   When exercising contempt authority under 11 U.S.C. § 105(a), the majority of courts in this Circuit have concluded that punitive damages are allowed as a sanction against a party when necessary to carry out provisions of the Bankruptcy Code. See <u>In re Bock</u>, 297 B.R. at 29; <u>Palmer v. Associates (In re Palmer)</u>, C/A No. 94-76024-W, Adv. Pro. No. 01-80254-W, slip op. at 4 (Bankr. D.S.C. Mar. 11, 2002); <u>In re Cherry</u>, 247 B.R. 176, 189-190 (Bankr. E.D. Va. 2000) (noting "[a] majority of courts allow punitive damages for violation of the discharge injunction."); <u>In re Evans</u>, 289 B.R. 813, 827 (Bankr. E.D. Va. 2002); <u>In re Mickens</u>, 229 B.R. 114, 119 (Bankr. W.D. Va. 1999).

Mr. Workman testified that he is paid $22.00 per hour and has missed eight hours of work as a result of GMAC's actions, resulting in $176.00 in lost wages.  Plaintiffs have incurred $7,641.50 in legal fees, which the Court finds to be reasonable and necessary.  Plaintiffs also indicate that their credit has been injured, that they have been unable to refinance their home as a result of GMAC's actions, and that they suffered emotional distress as a result of GMAC's actions.   Based upon Plaintiffs' uncontradicted evidence, the Court finds that Plaintiffs are entitled to compensatory damages in the amount of $1,182.50 based upon the injury to Plaintiffs' credit and lost opportunity to refinance their home.  See <u>In re Goodfellow</u>, 298 B.R. 358, 362 (Bankr. N. D. Iowa 2003) (determining that violation of the discharge injunction by creditor warranted actual damages in the amount of $5,000.00 based upon injury to debtor's credit). Although the Court finds that GMAC's actions caused Plaintiffs emotional distress, it cannot award Plaintiffs damages for this injury.  <u>Walters</u>, 868 F.2d at 670 (holding that damages for emotional distress may not be awarded in a civil contempt proceeding).  These damages result in a judgment for compensatory damages against GMAC in the amount of $9,000.00.

Compensatory damages appear to be insufficient to prevent further harm to Plaintiffs, deter the type of misconduct engaged in by GMAC, and carry out provisions of the Bankruptcy Code. An equitable remedy is therefore appropriate pursuant to this Court's powers under 11 U.S.C. § 105. GMAC has admitted that Plaintiffs were current in their mortgage payments through May but has refused to accept payments between June and the entry of this Order. Therefore, Plaintiffs shall pay GMAC all regular mortgage payments that have come due since June. GMAC is not entitled to late fees, attorneys' fees, or any other charges as a result of its error in placing Plaintiffs in default. Plaintiffs shall tender the payment required herein to GMAC on or before December 10, 2007 with a copy of this Order and GMAC shall accept the payment. Upon tendering payment to GMAC with a copy of this Order, Plaintiffs shall be deemed current through the month of November, 2007. On or before December 5, 2007, GMAC shall request that all credit reporting agencies remove any adverse credit entry regarding Plaintiffs' account with GMAC. GMAC shall provide Plaintiffs' counsel with a copy of all such requests on or before December 10, 2007.

Finally, the Court believes that it is appropriate to award punitive damages. As set forth in Cherry, punitive damages for violating orders of the Court may be appropriate under 11 U.S.C. § 105 when a creditor's actions are egregious or malevolent. See Cherry, 247 B.R. at 189-190. GMAC seeks to hold Plaintiffs in default for two months in which it admitted, just two months before its letter of July 10, 2007, that Plaintiffs were current. As a result of this erroneous default, it has failed to accept further payments from Plaintiffs that were allowed by the Plan. It even appears that GMAC has added significant fees to Plaintiffs' account as a result of this alleged default and, inexplicably, appears to be charging back to Plaintiffs the same $1,250.00 in attorneys' fees that GMAC agreed to pay Plaintiffs' attorney as a result of GMAC's

wrongful attempt to lift the automatic stay. GMAC threatened Plaintiffs with foreclosure if Plaintiffs did not promptly pay these fees, which GMAC agreed to pay, and pay for the months in which GMAC admitted that Plaintiffs were current. These actions violate GMAC's agreement to withdraw its stay relief motion and violate the Confirmation and Discharge Orders. The importance of these orders to Plaintiffs cannot be overstated. As one court has held "[t]he confirmation order and discharge injunction are critical elements of the fresh start that is afforded to debtors in the Bankruptcy Code. It is essential that creditors respect these court orders and permit debtors to benefit from the rights and protections to which they are entitled…. the court may take remedial measures to enforce these provisions and vindicate the rights of a discharged debtor in the event a creditor ignores these essential protections afforded to debtors". Thomas, 184 B.R. at 240. These deliberate actions by GMAC have resulted in potential foreclosure of Plaintiffs' home, in which they have substantial equity, and harm to Plaintiffs' credit, which they are attempting to rebuild after performing in a chapter 13 case for five years. GMAC is a sophisticated lender that has actively participated in Plaintiffs' bankruptcy case through counsel. It should be well aware of the orders of this Court and its own agreement with Debtors. See Evans, 289 B.R. at 827 (awarding punitive damages to a debtor for a creditor's violation of the discharge injunction and noting that the defendant was an institutional lender that was familiar with the bankruptcy court's process). For reasons unknown to the Court, it has chosen not to abide by its own stipulation, obey orders of this Court, or participate in this adversary proceeding after being properly served. Considering Plaintiffs prior history of faithful post-petition payments, GMAC's incorrect motion for stay relief, and GMAC's consent finding that the loan was current, the Court finds that the actions by GMAC in this case are egregious and must be deterred in order to carry out provisions of the Bankruptcy Code. Therefore, the Court believes

that a sanction in the amount of $13,400.00, representing $100.00 per day since GMAC's July 10, 2007 letter through the entry of this Order, is appropriate to coerce compliance with the orders of this Court, under 11 U.S.C. § 105. See A.H. Robins Co., Inc., 197 B.R. 561 (E.D. Va. 1994) (suspending an attorney and sanctioning him $100.00 per day for each day he was in violation of the confirmation order).

Based upon the foregoing, Plaintiffs are entitled to judgment against GMAC in the amount of $22,400.00, to be paid by GMAC to Plaintiffs' counsel. Plaintiffs shall pay GMAC all regular mortgage payments that have come due since June. GMAC is not entitled to late fees, attorneys' fees, or any other charges as a result of its error in placing Plaintiffs in default. Plaintiffs shall tender the payment required herein to GMAC on or before December 10, 2007 with a copy of this Order and GMAC shall accept the payment. Upon tendering payment to GMAC with a copy of this Order, Plaintiffs shall be deemed current through the month of November, 2007. On or before December 5, 2007, GMAC shall request that all credit reporting agencies remove any adverse credit entry regarding Plaintiffs' account with GMAC. GMAC shall provide Plaintiffs' counsel with a copy of all such requests on or before December 10, 2007. Failure by GMAC to timely comply with provisions of this Order shall result in a sanction in the amount of $250.00 per day for each day that it is in noncompliance.

**AND IT IS SO ORDERED.**

John Ewaites
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
November 21, 2007